IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| DFO, LLC, | ) | C.A. No. 7:11-2253-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Southwest Florida Restaurant Investments, | ) | |
| Inc., SWFRI of Cape Coral, Inc., | ) | |
| SWFRI at Cape Coral, Ltd., | ) | |
| SWFRI at Danport, Ltd., | ) | |
| SWFRI @ Gladiolus, Ltd., Marcia York | ) | |
| and Ronald W. York, | ) | |
| | ) | |
| Defendants. | ) | |

On August 24, 2011, the Defendants removed this action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and filed an answer. After review, the court ordered the Plaintiff DFO, LLC ("DFO") to inform the court of the citizenship of all of its members. The citizenship of a limited liability company is the citizenship of its members. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). On September 2, 2011, DFO responded to the court's order indicating that its sole member is Denny's Inc. and that Denny's Inc. is incorporated in Florida and has its principal place of business in South Carolina. (Pl. Reply 1.) Thus, DFO is a citizen of Florida and South Carolina.

A case that has been removed "is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed." Brown v. E. States Corp., 181 F.2d 26, 28-29 (4th Cir. 1950). However, the court is "obligated to construe removal jurisdiction strictly because of the significant federalism concerns implicated. Therefore, if

1

federal jurisdiction is doubtful, a remand to state court is necessary." Gen. Tech. Applications, 388 F.3d at 118 (internal quotation marks omitted); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (explaining that "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction" (internal quotation marks omitted)).

According to the Defendants' answer, the Defendants are all citizens of Florida. (Ans. ¶¶ 6-8.) Complete diversity of jurisdiction is absent in this case. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (explaining that 28 U.S.C. § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Based on the foregoing and a review of the record in this matter, the requirements of diversity jurisdiction are not satisfied and this matter must be remanded. See § 1332.

The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Spartanburg County, South Carolina.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
September 19, 2011